IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SHAUNA G. FOSTER,

      Plaintiff,

v.                                 Civil Action No. 5:07CV48
                                        (STAMP)
FRED KAMINSKY,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Procedural History

The above-styled civil action arises out of a motor vehicle accident that occurred on March 28, 2005 between the plaintiff, Shauna G. Foster, and the defendant, Fred Kaminsky. On March 26, 2007, the plaintiff filed a complaint in the Circuit Court of Ohio County, West Virginia alleging that the defendant negligently caused the accident and that the plaintiff suffered resulting physical, emotional, and economic injuries. Thereafter, the defendant removed the action to this Court. The plaintiff filed a motion to remand to which the defendant responded. The plaintiff did not file a reply. This Court has considered the motion to remand and the response thereto and concludes, for the reasons stated below, that the plaintiff's motion to remand must be granted.

## II.  Facts

The plaintiff alleges that on March 28, 2005, on Interstate 70 on the Fort Henry Bridge in Ohio County, West Virginia, the defendant negligently drove his motor vehicle into the vehicle being operated by the plaintiff.  The plaintiff asserts that the defendant was negligent in failing to keep a proper lookout, following too closely, and failing to maintain control.  The plaintiff claims that as a direct and proximate result of the defendant's alleged negligence, she has suffered physical, emotional, and economic injuries.  As relief, the plaintiff seeks compensation for her alleged losses, along with interest, costs and attorney's fees incurred in the prosecution of this action.

## III.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

## IV.  Discussion

In her motion to remand, the plaintiff does not deny that diversity exists, because she is a resident of the State of West Virginia and the defendant is a resident of the Commonwealth of Pennsylvania.  Rather, the plaintiff asserts that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interest and costs.  This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, rests with the party seeking removal.  Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  This burden of proof requires the defendant to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00.  See DeAquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995).  When no specific amount of damages is set forth in the complaint, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994).

In this case, the defendant argues that the amount in controversy is met because of the types of injuries alleged by the plaintiff in her complaint. Specifically, the plaintiff alleges that she has sustained injuries to her head, neck, shoulders, back, body chemistry and psyche that may be permanent in nature as a proximate result of the alleged negligence of the defendant. Additionally, the plaintiff alleges that she has suffered and continues to suffer great annoyance, aggravation, and inconvenience. The defendant contends that damages for these alleged injuries exceed the jurisdictional amount.

In support of his argument that the jurisdictional minimum is satisfied, the defendant relies on Evans v. CDX Servs., LLC, 2007 WL 30312 (S.D. W. Va. Jan. 4, 2007). In Evans, the court found that the defendants met their burden of proving that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. In that case, the plaintiff suffered a workplace injury when high pressure equipment struck and broke his leg. The court was persuaded that the plaintiff's claims for "serious bodily injury," "tremendous pain and suffering," "loss of earning capacity," and "loss of ability to enjoy life," when coupled with "additional elements of pain and suffering and future damages" supported a conclusion that the amount in controversy was satisfied. The defendant here argues that the type of damages alleged in this case are the same type of damages before the court in Evans.

4

Although the damages alleged by the plaintiff in <u>Evans</u> are similar to the damages alleged in this case, such similarity of allegations is not sufficient to establish the amount in controversy in this case. A defendant seeking removal must supply competent evidence to support his contention that the amount in controversy is exceeded. Here, the defendant has failed to offer sufficient proof that the plaintiff's claims exceed the jurisdictional threshold. Accordingly, the plaintiff's motion to remand must be granted.

## V. <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. The plaintiff's request for an award of fees and costs is DENIED because the plaintiff has failed to present any evidence that the defendant acted frivolously or for any improper purpose by filing a notice of removal. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.[1] It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

---

[1]Of course, upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable, the defendant may file a second notice of removal. 28 U.S.C. § 1446(b). The case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. <u>Id.</u>

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:    November 1, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE